HUME v. MASON & HOGE CO.

1. TRIAL—ORDER OF PROOF—DECLARATIONS OF AGENT—AUTHOR-
ITY—ERROR WITHOUT PREJUDICE.
      While the practice of permitting testimony of acts and 'direc-
      tions of a supposed agent, before proving the authority, is to
      be condemned, a judgment will not be set aside because such
      testimony was admitted and the authority not shown, where,
      in view of instructions to the jury to disregard the testimony,
      there is no reason to believe that it was prejudicial.

2. SAME—CONDUCT OF COUNSEL—IMPROPER REMARKS.
      A judgment will not be reversed for improper remarks of coun-
      sel, where it appears that they were promptly ruled out by
      the court, and the counsel reprimanded for making them.

Error to Chippewa; Steere, J. Submitted November
17, 1899. Decided December 12, 1899.

Case by Samuel Hume against the Mason & Hoge
Company for personal injuries. From a judgment for
plaintiff, defendant brings error. Affirmed.

The defendant is a corporation, and was engaged as
contractor in digging a canal for the American Lake
Superior Power Company at Sault Ste. Marie. Plaintiff
was a common laborer, engaged with others in shoveling
the dirt from the sides of the canal onto dump cars. He
commenced work on the 12th day of January, 1899, and
was injured on the 14th. The ground was frozen to a
depth of about two feet. This frozen surface had previ-
ously been blown to pieces with dynamite. The sides of
the bank underneath the frozen top were not frozen. The
bottom was very muddy, and, the soil being part clay,
their feet stuck in it. It was customary to blast down the
frozen top of one bank while the men were at work upon
the other. On the day of the accident, the defendant had
abandoned the use of dynamite, and had placed laborers

where plaintiff was at work, with picks, sledges, and wedges, to wedge off the frozen crust. While they were engaged in this work, a portion of the bank underneath the frozen top came down, and, before the plaintiff could escape, fell upon him and broke his leg. The claim of the plaintiff is that it was negligent to place men above to work upon the frozen ground while the shovelers were at work underneath; that the jar thus caused would tend to cause the dirt underneath to cave off. The testimony on the part of the plaintiff also tends to show that he had no knowledge that any one was at work above. One Whiteman was the foreman of the working gang, and one Hanger was the defendant's superintendent. There was a sharp conflict of testimony on all the material points. Plaintiff recovered a verdict of $1,000.

*Lawson C. Holden* (*M. F. McDonald* and *John W. Shine*, of counsel), for appellant.

*John P. Conrick* (*Warner & Sullivan*, of counsel), for appellee.

GRANT, C. J. (*after stating the facts*). 1. Plaintiff was permitted, under objection and exception, to introduce testimony of statements made by Foreman Whiteman tending to show that he knew of the danger in putting the men to work in this place before the frozen earth was caved off. Plaintiff's counsel was permitted to introduce this testimony upon the statement that he would show that Whiteman had authority to bind the defendant, and was not a mere fellow-workman of the plaintiff. Plaintiff failed to show this, and the court instructed the jury that Whiteman was a fellow-servant, and that defendant was not responsible for his conduct or statements. It is now urged that this testimony was prejudicial notwithstanding the instruction. The case was submitted to the jury upon the theory that Mr. Hanger had authorized the work upon the frozen ground above, and that this caused the dirt underneath to cave.

There was testimony to sustain this theory. A motion for a new trial was made, and, in disposing of it, the circuit judge said that the jury was composed of very intelligent men, and that, in view of the small amount of the verdict, the jury, in his opinion, were not prejudiced by the testimony. In this view we concur. There is no possible ground for believing that the jury did not follow his instructions as to nonliability for the acts of Whiteman. Besides, one of the conversations testified to took place in the presence of Hanger, and was apparently ratified by him. The practice of permitting testimony of acts and directions of the supposed agent, before proving the authority, is to be condemned. The authority ought first to be shown. But verdicts will not be set aside by appellate courts for this reason unless there is reason to believe that the jury were prejudiced thereby.

2. Complaint is made of the conduct of counsel for the plaintiff upon the trial, in offering testimony, and the remarks made during the argument. What these remarks were, only appears in an affidavit made by counsel for defendant in the motion for a new trial. The judge certified that the testimony offered was promptly ruled out, and counsel promptly stopped in his argument, and reprimanded for the use of the language complained of. Under this state of facts, the judgment will not be reversed.

We find no reversible error in the record. Judgment affirmed.

The other Justices concurred.